1  Michael J. Stimson (SBN 224817)
   Email: stimsonm@howrey.com
2  Andrew S. Dallmann (SBN 206771)
   Email: dallmanna@howrey.com
3  Michael Chou (SBN 260685)
   Email: choum@howrey.com
4  HOWREY LLP
   4 Park Plaza, Suite 1700
5  Irvine, CA  92614
   Telephone:  (949) 721-6900
6  Facsimile:  (949) 721-6910

7  Attorneys for Plaintiff ROSA ROMERO HERNANDEZ

FILED

09 OCT 13  PM 2: 47

8                    UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROSA ROMERO HERNANDEZ,           ) Case No. **'09 CV 2257 IEG WMC**
                                     )
12              Plaintiff,           ) **COMPLAINT FOR DAMAGES AND**
                                     ) **DEMAND FOR JURY TRIAL BASED**
13        vs.                        ) **UPON:**
                                     )
14  SAMAD ATTISHA and YVONNE ATTISHA,) **1. VIOLATIONS OF FAIR LABOR**
                                     ) **STANDARDS ACT;**
15              Defendants.          )
                                     ) **2. INVOLUNTARY SERVITUDE;**
16  ─────────────────────────────────)
                                     ) **3. TRAFFICKING WITH RESPECT TO**
17                                   ) **PEONAGE, SLAVERY, INVOLUNTARY**
                                     ) **SERVITUDE, OR FORCED LABOR;**
18                                   )
                                     ) **4. ALIEN TORTS CLAIM ACT;**
19                                   )
                                     ) **5. NEGLIGENT INFLICTION OF**
20                                   ) **EMOTIONAL DISTRESS;**
                                     )
21                                   ) **6. INTENTIONAL INFLICTION OF**
                                     ) **EMOTIONAL DISTRESS; AND**
22                                   )
                                     ) **7. CONVERSION**
23

24        Plaintiff, Rosa Romero Hernandez, for her claims against Defendants Samad Attisha and

25  Yvonne Attisha, individually and jointly, alleges as follows:

26

27

28

COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL
ORIGINAL

DM_US:22820259_1

# I.   THE PARTIES

1.   Plaintiff ROSA ROMERO HERNANDEZ ("Plaintiff") is a Mexican citizen certified as a victim of human trafficking under Section 107(b) of the Trafficking Victims Protection Act of 2000. A true and correct copy of Plaintiff's certificate is attached to this complaint as **Exhibit A**.  Plaintiff is currently assisting in the investigation and prosecution of a severe form of trafficking.

2.   On information and belief, Defendant Mr. SAMAD ATTISHA is an individual and resident of San Diego County, California.

3.   On information and belief, Defendant Mrs. YVONNE ATTISHA is an individual and resident of San Diego County, California.  On further information and belief, Defendants SAMAD ATTISHA and YVONNE ATTISHA are married to one another.  Mr. and Mrs. Attisha collectively are referred to as "Defendants."

4.   On information and belief, there exists, and at all times herein mentioned existed, a unity of interest and ownership between Defendants such that any individuality or separateness between the Defendants has ceased and each of the Defendants is the alter ego of the other Defendant. During the course of the events at issue in this litigation, Defendants have operated as if they were intertwined and engaged in actions as though they are one entity.

# II.   JURISDICTION AND VENUE

5.   This action is based upon violations of the Fair Labor Standards Act, involuntary servitude, trafficking with respect to peonage, slavery, involuntary servitude, or forced labor, Aliens Tort Claims Act, negligent infliction of emotional distress, intentional infliction of emotional distress, and conversion.  The amount in controversy exceeds $75,000, exclusive of interest and cost.  This action is between citizens of a state and a citizen of a foreign state.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332(a)(2), and 1367.

6.   Personal jurisdiction over Defendants is proper because Defendants are now and, at all relevant times have been, residents of San Diego County, California.  On further information and belief, Defendants now own, and at all relevant times have owned, several businesses in the state of California, County of San Diego.

7.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

-2-

COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

### III.   FACTUAL BACKGROUND

8.   On information and belief, from at least 2002, Defendants began searching for a domestic servant through their secretary, Sonia, to serve in their house in San Diego County, California.  Sonia found Plaintiff in the city of Nikolas Romero, Mexico, through a mutual friend in or about 2002.

9.   To entice Hernandez to work for Defendants, Sonia told Plaintiff that Defendants agreed to pay Plaintiff $7 per hour to work as a baby sitter for their infant daughter.  Sonia further told Plaintiff that she would only be responsible to work from 10 a.m. to 6 p.m.

10.   Sonia did not arrange for a valid working visa for Plaintiff.  Instead, Sonia informed Plaintiff that should she arrive in the United States without a valid visa, Defendants promised to "fix her papers."  Sonia further promised to arrange for Plaintiff's transportation across the border to Defendants' house.  On information and belief, Defendants, through Sonia, arranged for counterfeit travel documents to be provided to Plaintiff so she could travel to the United States.

11.   On or about May 18th, 2002, Hernandez was transported by coyotes to the United States and began working for Defendants.  From that time on until approximately July 23, 2008, Plaintiff was forced to act as a domestic servant to Defendants, performing all household chores and housekeeping duties.

12.   Plaintiff made no income for her first year of employment because Defendants took her salary, alleging she had to pay back Sonia, who allegedly paid $1,500 to the coyotes and $200 for Plaintiff's airfare to the United States.  Plaintiff's entire first year's wages were returned to Defendants, who told Plaintiff that they had reimbursed Sonia for the $1,700.

13.   Plaintiff was forced into involuntary domestic servitude for Defendants, often working up to 14.5 hours per day in Defendants' home for less than California or Federal minimum wage.  Since 2002, Plaintiff was subject to the continuous control of Defendants.  Plaintiff was forced to perform all household and domestic responsibilities.  Defendants exercised strict control over Plaintiff and her performance of duties that included cooking, cleaning, babysitting, doing laundry, yardwork, and all housekeeping duties.

COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

DM_US:22820259_1

14.     Throughout Plaintiff's employment, Defendants made clear to Plaintiff that she was not free to leave and had to work for them.  Defendants confiscated Plaintiff's passport, informed Plaintiff that she would be in trouble if the police or immigration authorities saw her, and made her feel that she had to hide if any third parties approached their residence.

15.     On information and belief, on or about July 23, 2008, Plaintiff was rescued from Defendants by the United States Immigration and Customs Enforcement, who were thereafter investigated for their human trafficking activities.  Plaintiff was certified as a victim of human trafficking under Section 107(b) of the Trafficking Victims Protection Act of 2000 on September 30, 2008.  Attached as **Exhibit A** is a certification that Plaintiff is a victim of human trafficking under Section 107(b) of the Trafficking Victims Protection Act of 2000.

16.     Plaintiff now brings this action to recover the damages and wages she is rightfully owed.

17.     At all times relevant, Plaintiff was employed by Defendants SAMAD ATTISHA and YVONNE ATTISHA at their home located in La Mesa, California.

18.     Plaintiff performed domestic services for Defendants approximately one hundred and one (101) hours per week, working seven (7) days a week, every week, for over six (6) years.  Plaintiff was compensated below minimum wage, and was not provided overtime pay.

19.     Defendants never informed Plaintiff of her rights, including her employment rights.

## IV.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Violation of Fair Labor Standards Act [29 U.S.C. ch. 8 *et seq.*])

20.     Plaintiff realleges Paragraphs 1 through 19 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

21.     Plaintiff performed domestic services for Defendants approximately one hundred and one (101) hours per week, working seven days a week, every week, for over six (6) years.  Plaintiff was compensated well below minimum wage for the amount of work performed.

22.     The actions of Defendants constitute a failure to pay minimum wage under the Fair Labor Standards Act.

-4-

COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

23.     Plaintiff worked significantly in excess of 40 hours per week.  Plaintiff was forced to work approximately seventy one (71) hours of overtime per week, which Defendants failed to pay Plaintiff the minimum wage, let alone the appropriate rates for overtime.

24.     As a result of Defendants' failure to pay wages, including overtime rates, an amount to be proven at the time of trial, is at least $125,809.00, pursuant to Federal minimum wage of $5.15 effective September 1, 1997.

25.     Plaintiff seeks to recover all unpaid wages, including unpaid overtime, and costs, including attorney fees.

## SECOND CAUSE OF ACTION
(Involuntary servitude [18 U.S.C § 1584])

26.     Plaintiff realleges Paragraphs 1 through 25 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

27.     As soon as Plaintiff arrived in Defendants' home in 2002, Defendants were in continuous control over Plaintiff and her activities.  Plaintiff was forced to live continuously with Defendants in Defendants' residence in La Mesa, California.  Plaintiff was not allowed to contact any persons, and was instructed to hide in the house when pedestrians walked by.  Knowing Plaintiff's fear of deportation, Defendants threatened to cause Plaintiff's deportation if Plaintiff reported her working condition to the authorities.  Forced into involuntary servitude by Defendants and working up to 14.5 hours per day at Defendants' home, Defendants intimidated and threatened Plaintiff to not report her situation.

28.     In or about 2005, Defendants took possession of Plaintiff's passport and refused to return it to Plaintiff despite Plaintiff's multiple requests.

29.     As a proximate result of the acts of Defendants, Plaintiff reasonably believed she had no alternative but to continue working for Defendants.  Plaintiff was forced to continue to work for the Defendants under these conditions for over six (6) years.

COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

DM_US:22820259_1

1    30.    The acts of Defendants were willful and wanton, malicious, oppressive, and justify the

2  awarding of punitive damages.

### THIRD CAUSE OF ACTION
(Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor
[18 U.S.C. § 1590(A)])

6    31.    Plaintiff realleges Paragraphs 1 through 30 and hereby incorporates these paragraphs as

7  though fully set forth and alleged herein.

8    32.    In 2002, Defendants sent their secretary Sonia to search for a Mexican domestic servant

9  for their home in La Mesa, California.  In 2002, Defendants ordered their secretary, Sonia, to solicit

10  Plaintiff to work in the United States, to pay coyotes and the airfare for transporting Plaintiff across the

11  border, and to falsely promise Plaintiff that Defendants would "fix her papers" when she arrived in the

12  United States without a valid working visa.  Further, Defendants confiscated Plaintiff's salary to

13  reimburse Sonia for the cost of illegally transporting Plaintiff to the United States.  Defendants acted

14  with the purpose of forcing Plaintiff into involuntary servitude in violation of 18 U.S.C. § 1584.

15    33.    The acts of Defendants were willful and wanton, malicious, oppressive, and justify the

16  awarding of punitive damages.

### FOURTH CAUSE OF ACTION
(Alien Torts Claim Act [28 U.S.C. § 1350])

19    34.    Plaintiff realleges Paragraphs 1 through 33 and hereby incorporates these paragraphs as

20  though fully set forth and alleged herein.

21    35.    Based upon facts alleged above, Plaintiff, a Mexican citizen, was a victim of

22  involuntary servitude for of over six (6) years, a tort universally punishable under the law of nations.

23  Plaintiff is a certified victim of Trafficking Victims Protection Act of 2000, designed to protect victims

24  of human trafficking, also a tort universally punishable under the law of nations.

25    36.    The acts of Defendants were willful and wanton, malicious, oppressive, and justify the

26  awarding of punitive damages.

27

28

COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

DM_US:22820259_1

**FIFTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress)

37.     Plaintiff realleges Paragraphs 1 through 36 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

38.     Defendants' conduct toward Plaintiff consisted of engaging in continuous and systematic psychological abuse and threats.  Defendants' conducts were atrocious and utterly intolerable in a civilized community.  Defendants' conduct was intentional and/or with reckless disregard of the probability of causing Plaintiff severe emotional distress.

39.     As a proximate and direct result of Defendants' conduct Plaintiff suffered severe emotional distress, anxiety, pain and suffering, physical injuries, physical sickness, incurred medical expenses, future medical expenses, attorney's fees, and other damages in the sum to be determined at the time of trial.

40.     Plaintiff is informed, believes, and based thereon, alleges that the conducts of Defendants were outrageous, and were done with oppression and malice.  For the forgoing reasons, Plaintiff is entitled to punitive and exemplary damages against Defendants for their acts.

**SIXTH CAUSE OF ACTION**
(Negligent Infliction of Emotional Distress)

41.     Plaintiff realleges Paragraphs 1 through 40 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

42.     Defendants acted negligently toward Plaintiff by way of engaging in continuous and systematic acts of psychological abuse causing her exhaustion, mental anguish, stress, and torment.

43.     Defendants' conduct caused Plaintiff serious emotional stress.

44.     As a proximate and direct result of Defendants' conduct, Plaintiff suffered severe emotional distress, anxiety, pain and suffering, physical injuries, physical sickness, incurred medical expenses, future medical expenses, attorney's fees, and other damages in the sum to be determined at the time of trial.

-7-

COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

45.   Plaintiff is informed, believes, and based thereon, alleges that the conducts of Defendants were outrageous, and were done with oppression and malice.  For the forgoing reasons, Plaintiff is entitled to punitive and exemplary damages against Defendants for their acts.

### SEVENTH CAUSE OF ACTION
(Conversion)

46.   Plaintiff realleges Paragraphs 1 through 45 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

47.   In or about 2005, Defendants unlawfully took possession of Plaintiff's passport, Plaintiff's personal property, hid it, and refused to return it to Plaintiff despite Plaintiff's requests.

48.   Defendants' acts were intentional, wanton and malice, oppressive, with the sole intent of restricting Plaintiff's freedom hereby justifies Plaintiff the award of punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rosa Romero Hernandez prays for relief as follows:

1.   For compensatory damages according to proof;

2.   For interest at the prevailing legal rate;

3.   For an award of back wage of at least $125,809.00, according to proof;

4.   For prejudgment interest on lost wages;

5.   For general damages according to proof;

6.   For special damages according to proof;

7.   For punitive damages according to proof;

8.   For costs and fees incurred by Plaintiff as permitted by statute, including reasonable attorney's fees, expert fees, and costs of suit, in obtaining the benefits due Plaintiff; and

9.   For any such other and further relief as the Court deems just and proper.

COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

DM_US:22820259_1

1    Dated:  October 2, 2009                    HOWREY LLP
2                                               MICHAEL J. STIMSON

3

4                                        By: _____
5                                               Michael J. Stimson
                                                Andrew S. Dallmann
6                                               Michael Chou
                                                HOWREY LLP
7                                               Attorneys for Plaintiff
                                                ROSA ROMERO HERNANDEZ

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                         COMPLAINT FOR DAMAGES
                                                         AND DEMAND FOR JURY TRIAL

DM_US:22820259_1

**DEMAND FOR JURY TRIAL**

Plaintiff ROSA ROMERO HERNANDEZ requests a Trial by Jury on all claims pleaded herein.

Dated:  October 2, 2009

HOWREY LLP
MICHAEL J. STIMSON

By: _____
Michael J. Stimson
Andrew S. Dallmann
Michael Chou
HOWREY LLP
Attorneys for Plaintiff
ROSA ROMERO HERNANDEZ

COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

DM_US:22820259_1

**EXHIBIT  A**



DEPARTMENT OF HEALTH & HUMAN SERVICES

**ADMINISTRATION FOR CHILDREN AND FAMILIES**
370 L'Enfant Promenade, S.W.
Washington, D.C. 20447

HHS Tracking Number
**0006073020007**
DOB: 08/30/1949

Ms. Rosa Romero-Hernandez
c/o Roxanna Campos
BSCC
2050 Wilson Avenue, Suite C
National City, CA 91950

## CERTIFICATION LETTER

Dear Ms. Romero-Hernandez:

This letter confirms that you have been certified by the U.S. Department of Health and Human Services (HHS) under section 107(b) of the Trafficking Victims Protection Act of 2000. With this certification, you are eligible for benefits and services under any Federal or State program or activity funded or administered by any Federal agency to the same extent as an individual who is admitted to the United States as a refugee under section 207 of the Immigration and Nationality Act, provided you meet other eligibility criteria. Certification does not confer immigration status.

Your certification date is **September 30, 2008.** The benefits outlined in the previous paragraph may offer assistance for only limited time periods that start from the date of this certification. Therefore, if you wish to seek assistance, it is important that you do so as soon as possible after receipt of this letter.

You should present this letter when you apply for benefits or services. Benefit-issuing agencies must call the toll-free trafficking verification line at 1 (866) 401-5510 in the Office of Refugee Resettlement (ORR) to verify the validity of this document and to inform HHS of the benefits for which you have applied.

The Department of Labor offers employment and training services for which you may be eligible. Call 1-877-US2-JOBS or visit www.servicelocator.org to find out about the nearest One-Stop Career Center.

You must notify this office of your current mailing address. Please send a dated and signed letter with any changes of address to: Trafficking Program Specialist, Office of Refugee Resettlement, 8th Floor West, 370 L'Enfant Promenade, SW, Washington, DC 20447. We will send all notices to that address, and any notice mailed to that address constitutes adequate service. You may also need to share this same information with state and local benefit-issuing agencies.

Sincerely,

David H. Siegel
Acting Director
Office of Refugee Resettlement

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROSA ROMERO HERNANDEZ

**DEFENDANTS**
SAMAD ATTISHA and YVONNE ATTISHA

**(b)** County of Residence of First Listed Plaintiff   **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael J. Stimson, Howrey LLP, 4 Park Plaza, Suite 1700, Irvine, CA 92614

Attorneys (If Known)
Stephen Lopez, Geraci & Lopez, 817 W. San Marcos Blvd., San Marcos, CA  92078

'09 CV 2257 EG WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Violations of Fair Labor Standards Act    29 USC CH 8 ET - SEQ   28:1331 go
Brief description of cause:
Defendants failed to pay minimum wage under the Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 125,809.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE ___   DOCKET NUMBER ___

DATE  10/12/2009

SIGNATURE OF ATTORNEY OF RECORD   Michael J. Stimson

**FOR OFFICE USE ONLY**

RECEIPT # 6175   AMOUNT 350.00   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

MS 10/13/09

ORIGINAL

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.      Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.      Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.      Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.      Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example:      U.S. Civil Statute: 47 USC 553
                                                                        Brief Description: Unauthorized reception of cable service

VII.      Requested in Complaint.. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.      Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS006175
Cashier ID: msweaney
Transaction Date: 10/13/2009
Payer Name: SANTA ANA LEGAL SUPPORT
------------------------------------
CIVIL FILING FEE
 For: HERNANDEZ V SAMAD ATTISHA
 Case/Party: D-CAS-3-09-CV-002257-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 83048
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.