1  Michael J. Stimson (SBN 224817)
   Email: stimsonm@howrey.com
2  Andrew S. Dallmann (SBN 206771)
   Email: dallmanna@howrey.com
3  Michael Chou (SBN 260685)
   Email: choum@howrey.com
4  HOWREY LLP
   4 Park Plaza, Suite 1700
5  Irvine, CA 92614
   Telephone: (949) 721-6900
6  Facsimile: (949) 721-6910

7  Attorneys for Plaintiff ROSA ROMERO HERNANDEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROSA ROMERO HERNANDEZ, | Case No. 3:09-cv-02257-IEG-WMC |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL BASED UPON:** |
| vs. | |
| SAMAD ATTISHA and YVONNE ATTISHA, | **1. VIOLATIONS OF FAIR LABOR STANDARDS ACT;** |
| Defendants. | **2. INVOLUNTARY SERVITUDE;** |
| | **3. TRAFFICKING WITH RESPECT TO PEONAGE, SLAVERY, INVOLUNTARY SERVITUDE, OR FORCED LABOR;** |
| | **4. ALIEN TORTS CLAIM ACT;** |
| | **5. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;** |
| | **6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND** |
| | **7. CONVERSION** |
| | **8. VIOLATIONS OF CALIFORNIA LABOR CODE** |

Plaintiff, Rosa Romero Hernandez, for her claims against Defendants Samad Attisha and Yvonne Attisha, individually and jointly, alleges as follows:

FIRST AMENDED COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

DM_US:22915034_2

## I. THE PARTIES

1. Plaintiff ROSA ROMERO HERNANDEZ ("Plaintiff") is a Mexican citizen certified as a victim of human trafficking under Section 107(b) of the Trafficking Victims Protection Act of 2000. A true and correct copy of Plaintiff's certificate is attached to this complaint as **Exhibit A**. Plaintiff is currently assisting in the investigation and prosecution of a severe form of trafficking.

2. On information and belief, Defendant Mr. SAMAD ATTISHA is an individual and resident of San Diego County, California.

3. On information and belief, Defendant Mrs. YVONNE ATTISHA is an individual and resident of San Diego County, California. On further information and belief, Defendants SAMAD ATTISHA and YVONNE ATTISHA are married to one another. Mr. and Mrs. Attisha collectively are referred to as "Defendants."

4. On information and belief, there exists, and at all times herein mentioned existed, a unity of interest and ownership between Defendants such that any individuality or separateness between the Defendants has ceased and each of the Defendants is the alter ego of the other Defendant. During the course of the events at issue in this litigation, Defendants have operated as if they were intertwined and engaged in actions as though they are one entity.

## II. JURISDICTION AND VENUE

5. This action is based upon violations of the Fair Labor Standards Act, involuntary servitude, trafficking with respect to peonage, slavery, involuntary servitude, or forced labor, Aliens Tort Claims Act, negligent infliction of emotional distress, intentional infliction of emotional distress, conversion, and violations of California Labor Code. The amount in controversy exceeds $75,000, exclusive of interest and cost. This action is between citizens of a state and a citizen of a foreign state. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332(a)(2), and 1367.

6. Personal jurisdiction over Defendants is proper because Defendants are now and, at all relevant times have been, residents of San Diego County, California. On further information and belief, Defendants now own, and at all relevant times have owned, several businesses in the state of California, County of San Diego.

7.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## III.   FACTUAL BACKGROUND

8.   On information and belief, from at least 2002, Defendants began searching for a domestic servant through their secretary, Sonia, to serve in their house in San Diego County, California. Sonia found Plaintiff in the city of Nikolas Romero, Mexico, through a mutual friend in or about 2002.

9.   To entice Hernandez to work for Defendants, Sonia told Plaintiff that Defendants agreed to pay Plaintiff $7 per hour to work as a baby sitter for their infant daughter. Sonia further told Plaintiff that she would only be responsible to work from 10 a.m. to 6 p.m.

10.   Sonia did not arrange for a valid working visa for Plaintiff. Instead, Sonia informed Plaintiff that should she arrive in the United States without a valid visa, Defendants promised to "fix her papers." Sonia further promised to arrange for Plaintiff's transportation across the border to Defendants' house. On information and belief, Defendants, through Sonia, arranged for counterfeit travel documents to be provided to Plaintiff so she could travel to the United States.

11.   On or about May 18th, 2002, Hernandez was transported by coyotes to the United States and began working for Defendants. From that time on until approximately July 23, 2008, Plaintiff was forced to act as a domestic servant to Defendants, performing all household chores and housekeeping duties.

12.   Plaintiff made no income for her first year of employment because Defendants took her salary, alleging she had to pay back Sonia, who allegedly paid $1,500 to the coyotes and $200 for Plaintiff's airfare to the United States. Plaintiff's entire first year's wages were returned to Defendants, who told Plaintiff that they had reimbursed Sonia for the $1,700.

13.   Plaintiff was forced into involuntary domestic servitude for Defendants, often working up to 14.5 hours per day in Defendants' home for less than California or Federal minimum wage. Since 2002, Plaintiff was subject to the continuous control of Defendants. Plaintiff was forced to perform all household and domestic responsibilities. Defendants exercised strict control over Plaintiff

-3-   FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

DM_US:22915034_2

1 and her performance of duties that included cooking, cleaning, babysitting, doing laundry, yardwork, and all housekeeping duties.

14. Throughout Plaintiff's employment, Defendants made clear to Plaintiff that she was not free to leave and had to work for them. Defendants confiscated Plaintiff's passport, informed Plaintiff that she would be in trouble if the police or immigration authorities saw her, and made her feel that she had to hide if any third parties approached their residence.

15. On information and belief, on or about July 23, 2008, Plaintiff was rescued from Defendants by the United States Immigration and Customs Enforcement, who were thereafter investigated for their human trafficking activities. Plaintiff was certified as a victim of human trafficking under Section 107(b) of the Trafficking Victims Protection Act of 2000 on September 30, 2008. Attached as **Exhibit A** is a certification that Plaintiff is a victim of human trafficking under Section 107(b) of the Trafficking Victims Protection Act of 2000.

16. Plaintiff now brings this action to recover the damages and wages she is rightfully owed.

17. At all times relevant, Plaintiff was employed by Defendants SAMAD ATTISHA and YVONNE ATTISHA at their home located in La Mesa, California.

18. Plaintiff performed domestic services for Defendants approximately one hundred and one (101) hours per week, working seven (7) days a week, every week, for over six (6) years. Plaintiff was compensated below minimum wage, and was not provided overtime pay.

19. Defendants never informed Plaintiff of her rights, including her employment rights.

**IV. CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
(Violation Of Fair Labor Standards Act [29 U.S.C. ch. 8 *et seq.*])

20. Plaintiff realleges Paragraphs 1 through 19 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

-4-   FIRST AMENDED COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

DM_US:22915034_2

21. Plaintiff performed domestic services for Defendants approximately one hundred and one (101) hours per week, working seven (7) days a week, every week, for over six (6) years. Plaintiff was compensated well below minimum wage for the amount of work performed.

22. The actions of Defendants constitute a failure to pay minimum wage under the Fair Labor Standards Act.

23. Plaintiff worked significantly in excess of forty (40) hours per week. Plaintiff was forced to work approximately seventy one (71) hours of overtime per week, which Defendants failed to pay Plaintiff the Federal minimum wage, let alone the appropriate rates for overtime.

24. As a result of Defendants' failure to pay wages, including overtime rates, an amount to be proven at the time of trial, is at least $125,809.00, pursuant to Federal minimum wage of $5.15 effective September 1, 1997.

25. Plaintiff seeks to recover all unpaid wages, including unpaid overtime, and costs, including attorney fees.

**SECOND CAUSE OF ACTION**
(Involuntary Servitude [18 U.S.C § 1584])

26. Plaintiff realleges Paragraphs 1 through 25 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

27. As soon as Plaintiff arrived in Defendants' home in 2002, Defendants were in continuous control over Plaintiff and her activities. Plaintiff was forced to live continuously with Defendants in Defendants' residence in La Mesa, California. Plaintiff was not allowed to contact any persons, and was instructed to hide in the house when pedestrians walked by. Knowing Plaintiff's fear of deportation, Defendants threatened to cause Plaintiff's deportation if Plaintiff reported her working condition to the authorities. Forced into involuntary servitude by Defendants and working up to 14.5 hours per day at Defendants' home, Defendants intimidated and threatened Plaintiff to not report her situation.

28. In or about 2005, Defendants took possession of Plaintiff's passport and refused to return it to Plaintiff despite Plaintiff's multiple requests.

-5-   FIRST AMENDED COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

DM_US:22915034_2

29. As a proximate result of the acts of Defendants, Plaintiff reasonably believed she had no alternative but to continue working for Defendants. Plaintiff was forced to continue to work for the Defendants under these conditions for over six (6) years.

30. The acts of Defendants were willful and wanton, malicious, oppressive, and justify the awarding of punitive damages.

### THIRD CAUSE OF ACTION
(Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor [18 U.S.C. § 1590(a)])

31. Plaintiff realleges Paragraphs 1 through 30 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

32. In 2002, Defendants sent their secretary Sonia to search for a Mexican domestic servant for their home in La Mesa, California. In 2002, Defendants ordered their secretary, Sonia, to solicit Plaintiff to work in the United States, to pay coyotes and the airfare for transporting Plaintiff across the border, and to falsely promise Plaintiff that Defendants would "fix her papers" when she arrived in the United States without a valid working visa. Further, Defendants confiscated Plaintiff's salary to reimburse Sonia for the cost of illegally transporting Plaintiff to the United States. Defendants acted with the purpose of forcing Plaintiff into involuntary servitude in violation of 18 U.S.C. § 1584.

33. The acts of Defendants were willful and wanton, malicious, oppressive, and justify the awarding of punitive damages.

### FOURTH CAUSE OF ACTION
(Alien Torts Claim Act [28 U.S.C. § 1350])

34. Plaintiff realleges Paragraphs 1 through 33 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

35. Based upon facts alleged above, Plaintiff, a Mexican citizen, was a victim of involuntary servitude for of over six (6) years, a tort universally punishable under the law of nations. Plaintiff is a certified victim of Trafficking Victims Protection Act of 2000, designed to protect victims of human trafficking, also a tort universally punishable under the law of nations.

36. The acts of Defendants were willful and wanton, malicious, oppressive, and justify the awarding of punitive damages.

## FIFTH CAUSE OF ACTION
(Intentional Infliction Of Emotional Distress)

37. Plaintiff realleges Paragraphs 1 through 36 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

38. Defendants' conduct toward Plaintiff consisted of engaging in continuous and systematic psychological abuse and threats. Defendants' conducts were atrocious and utterly intolerable in a civilized community. Defendants' conduct was intentional and/or with reckless disregard of the probability of causing Plaintiff severe emotional distress.

39. As a proximate and direct result of Defendants' conduct Plaintiff suffered severe emotional distress, anxiety, pain and suffering, physical injuries, physical sickness, incurred medical expenses, future medical expenses, attorney's fees, and other damages in the sum to be determined at the time of trial.

40. Plaintiff is informed, believes, and based thereon, alleges that the conducts of Defendants were outrageous, and were done with oppression and malice. For the forgoing reasons, Plaintiff is entitled to punitive and exemplary damages against Defendants for their acts.

## SIXTH CAUSE OF ACTION
(Negligent Infliction Of Emotional Distress)

41. Plaintiff realleges Paragraphs 1 through 40 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

42. Defendants acted negligently toward Plaintiff by way of engaging in continuous and systematic acts of psychological abuse causing her exhaustion, mental anguish, stress, and torment.

43. Defendants' conduct caused Plaintiff serious emotional stress.

44. As a proximate and direct result of Defendants' conduct, Plaintiff suffered severe emotional distress, anxiety, pain and suffering, physical injuries, physical sickness, incurred medical

expenses, future medical expenses, attorney's fees, and other damages in the sum to be determined at the time of trial.

45. Plaintiff is informed, believes, and based thereon, alleges that the conducts of Defendants were outrageous, and were done with oppression and malice. For the forgoing reasons, Plaintiff is entitled to punitive and exemplary damages against Defendants for their acts.

## SEVENTH CAUSE OF ACTION
(Conversion)

46. Plaintiff realleges Paragraphs 1 through 45 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

47. In or about 2005, Defendants unlawfully took possession of Plaintiff's passport, Plaintiff's personal property, hid it, and refused to return it to Plaintiff despite Plaintiff's requests.

48. Defendants' acts were intentional, wanton and malice, oppressive, with the sole intent of restricting Plaintiff's freedom hereby justifies Plaintiff the award of punitive damages.

## EIGHTH CAUSE OF ACTION
(Violation of California Labor Codes
[Cal. L.c. Divisions 1, 2, *et seq.*; Industrial Welfare Commission Wage Order No. 15])

49. Plaintiff realleges Paragraphs 1 through 48 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

50. Plaintiff performed domestic services for Defendants seven (7) days a week, over twelve (12) consecutive hours per day, without receiving any significant time off, let alone 24 consecutive hours of time off, and less than three (3) hours free of duty during the twelve (12) hours span of work.

51. Plaintiff regularly worked more than five (5) consecutive hours a day, without receiving a meal, let alone a 30 minute meal period.

52. Plaintiff performed domestic services for Defendants approximately one hundred and one (101) hours per week, working seven (7) days a week, every week, for a span of six (6) years.

-8- FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  Plaintiff was compensated well below minimum wage for the amount of work performed in the six (6) years.

53. Plaintiff was forced to work approximately seventy one (71) hours of overtime per week, which Defendants failed to pay Plaintiff the California minimum wage, let alone the appropriate rates for overtime.

54. As a result of Defendants' failure to pay wages, including overtime rates, an amount to be proven at the time of trial, Plaintiff's total unpaid wages amount to at least $328,631.00, pursuant to California minimum wage of $6.75 effective January 1, 2002, $ 7.50 effective of January 1, 2007, $8.00 effective of January 1, 2008.

55. Defendants prohibited Plaintiff from disclosing information regarding Plaintiff's working conditions to third-parties.

56. Defendants prohibited Plaintiff from disclosing information to government or law enforcement agencies regarding Defendants' illegal transport of Plaintiff into the United States, and having Plaintiff perform services as a domestic servant under abusive working conditions.

57. For the foregoing reasons, Defendants' actions constitute failure to provide Plaintiff rest and meal periods, failure to pay Plaintiff the California minimum wage, and unlawful prohibition of information disclosure. Plaintiff seeks to recover all unpaid wages, including unpaid overtime, costs, including attorney fees, and punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rosa Romero Hernandez prays for relief as follows:

1. For compensatory damages according to proof;
2. For interest at the prevailing legal rate;
3. For an award of back wage of at least $328,631.00, according to proof;
4. For prejudgment interest on lost wages;
5. For general damages according to proof;
6. For special damages according to proof;
7. For punitive damages according to proof;

8. For costs and fees incurred by Plaintiff as permitted by statute, including reasonable attorney's fees, expert fees, and costs of suit, in obtaining the benefits due Plaintiff; and

9. For any such other and further relief as the Court deems just and proper.

Dated: November 16, 2009

HOWREY LLP
MICHAEL J. STIMSON

By: /s/ Michael J. Stimson
Michael J. Stimson
Andrew S. Dallmann
Michael Chou
HOWREY LLP
Attorneys for Plaintiff
ROSA ROMERO HERNANDEZ

DM_US:22915034_2

-10-  FIRST AMENDED COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Plaintiff ROSA ROMERO HERNANDEZ requests a Trial by Jury on all claims pleaded herein.

Dated: November 16, 2009

HOWREY LLP
MICHAEL J. STIMSON

By: /s/ Michael J. Stimson
Michael J. Stimson
Andrew S. Dallmann
Michael Chou
HOWREY LLP
Attorneys for Plaintiff
ROSA ROMERO HERNANDEZ