Michael J. Stimson (SBN 224817)
Email: stimsonm@howrey.com
HOWREY LLP
4 Park Plaza, Suite 1700
Irvine, CA  92614
Telephone: (949) 721-6900
Facsimile: (949) 721-6910

Attorneys for Plaintiff ROSA ROMERO HERNANDEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ROMERO HERNANDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>SAMAD ATTISHA and YVONNE ATTISHA,<br><br>Defendants. | Case No. 3:09-cv-02257-IEG-WMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

# INTRODUCTION

Plaintiff Rosa Romero Hernandez, a certified victim of human trafficking, was forced to act as a domestic servant to Defendants Samad and Yvonne Attisha since May 2002. Defendants forced Plaintiff to work up to 14.5 hours per day in Defendants' home, and Plaintiff was subject to Defendants' strict control.

Plaintiff was rescued from Defendants' home on July 23, 2008. She filed her original complaint in this court on October 13, 2009, about 15 months after she was rescued. The first amended complaint includes eight claims: (1) violations of Fair Labor Standards Act; (2) Involuntary Servitude; (3) Trafficking with respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor; (4) Aliens Tort Claims Act; (5) Negligent Infliction of Emotional Distress; (6) Intentional Infliction of Emotional Distress; (7) Conversion; and (8) Violations of California Labor Code.

Defendants moved to dismiss the Second, Third, Fifth, Sixth, and Seventh claims as precluded by statutes of limitation. But Defendants incorrectly state the applicable statutes of limitation or incorrectly apply them.

# ARGUMENT

## I. IN DECIDING MOTIONS UNDER RULE 12(B)(6), THIS COURT ACCEPTS ALL MATERIAL ALLEGATIONS IN THE COMPLAINT AS TRUE

As Defendants concede, in evaluating a Rule 12(b)(6) motion, "the complaint is construed in the light most favorable to the plaintiff . . . [and] the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them." Moving Brief, 2:13-24 (citation omitted). For purpose of this motion, all material allegations in the complaint are incontestable.

## II. 18 U.S.C. § 1595(A) EXPLICITLY PROVIDES PRIVATE CAUSES OF ACTION FOR CLAIMS BROUGHT UNDER § 1584 AND § 1590

Defendants move to dismiss Plaintiff's Second and Third causes of action, incorrectly alleging that their statutory basis—18 U.S.C. § 1584 and § 1590—precludes private causes of action. Moving Brief, 3:2-4:12. Section 1584 prohibits involuntary servitude and § 1590 prohibits "trafficking with respect to peonage, slavery, involuntary servitude, or forced labor."

1  Defendants appear unaware that 18 U.S.C. § 1595(a) explicitly provides private causes of
2  action for violations of 18 U.S.C. §§ 1584 and 1590:

3  *An individual* who is a victim of a violation of this chapter [18 USCS §§ 1581 et seq.]
4  may bring a civil action against the perpetrator (or whoever knowingly benefits,
5  financially or by receiving anything of value from participation in a venture which that
6  person knew or should have known has engaged in an act in violation of this chapter [18
7  USCS §§ 1581 et seq.]) in an appropriate district court of the United States and may
8  recover damages and reasonable attorneys fees.

9  18 U.S.C. § 1595(a). *See also Shukla v. Sharma*, 2009 U.S. Dist. LEXIS 90044, 31-32 (E.D.N.Y. Aug.
10 14, 2009) (holding individual plaintiff may seek remedy under 18 U.S.C. § 1590).

11 Defendants solely rely on cases that were superseded by 18 U.S.C. § 1595(a). In *Buchanan v.
12 City of Boilvar*, 99 F.3d 1352 (6th Cir. Tenn. 1996), the Sixth Circuit denied private causes of action
13 under 18 U.S.C. § 1584. *Buchanan*, 99 F.3d at 1357. *Buchanan* was decided twelve years before the
14 amendment to 18 U.S.C. § 1595(a), providing the exact private causes of action for § 1584 claims that
15 the *Buchanan* court found lacking.

16 While *Chrysler Corp. v. Brown*, 441 U.S. 281 (U.S. 1979), *Aldabe v. Aldabe*, 616 F.2d 1089
17 (9th Cir. Cal. 1980), and *Lamont v. Haig*, 539 F.Supp. 552 (D.S.D. 1982) hold that private causes of
18 action cannot be inferred from a criminal statute, these cases are inapposite here given the express
19 statutory private causes of action in 18 U.S.C. 1595(a). *See* Moving Brief, 3:22 - 4:4.

20 Defendants also rely on *Del Elmer v. Metzger*, 967 F.Supp. 398 (S.D.Cal. 1997), holding that
21 the Thirteenth Amendment does not give rise to independent causes of action against private parties.
22 *Del Elmer*, 967 F.Supp. at 402. *Del Elmer* is also inapposite because 18 U.S.C. §§ 1584, 1590, and
23 1595(a) support Plaintiff's claims, not Defendants' Thirteenth Amendment argument.

24 Finally, *Craine v. Alexander*, 756 F.2d 1070 (5th Cir. Miss. 1985) held that a claim of peonage
25 under 42 U.S.C. § 1994 requires allegation of state action. *Craine*, 756 F.2d at 1072. But Plaintiff
26 sues for "trafficking with respect to peonage, slavery, involuntary servitude, or forced labor" under 18
27 U.S.C. § 1590, not for peonage under 42 U.S.C. § 1994. Accordingly Defendants' argument is again
28 unavailing.

## III. PLAINTIFF BROUGHT HER INVOLUNTARY SERVITUDE AND HUMAN TRAFFICKING CLAIMS WITHIN THE 10-YEAR STATUTE OF LIMITATIONS

Defendants invite the court to "borrow [a statute of limitations] from the most analogous state action" and recommend one year. *See* Moving Brief, 4:22 – 5:1. This Court should decline that invitation, and instead apply the 10-year statute of limitations provided by 18 U.S.C. § 1595(c). *See* 18 U.S.C. § 1595(c) ("no action may be maintained under this section unless it is commenced no later than 10 years after the cause of action arose.") Plaintiff brought her § 1584 and § 1590 claims on October 13, 2009, less than 2 years after she was rescued, and less than 8 years after she was transported to Defendants' home. Plaintiff's claims under §§ 1584 and 1590 are not barred by the 10-year statute of limitations.

## IV. PLAINTIFF BROUGHT EMOTIONAL DISTRESS CLAIMS WITHIN THE 2-YEAR STATUTE OF LIMITATIONS, WHICH DOES NOT RUN UNTIL SHE WAS RESCUED FROM DEFENDANTS' HOME

As Defendants acknowledge, the statute of limitations for negligent and intentional infliction of emotional distress is two years. *See* Cal. Code Civ. P. § 335.1; Moving Brief, 5:16-18. Defendants allege that Plaintiff failed to bring her emotional distress claims within 2 years from the date she arrived at Defendants' house, in 2002. Moving Brief, 5:21-6:8. Defendants' argument neglects two key facts: (1) Defendants' actions eliminated Plaintiff's ability to bring her claims before she was rescued, and (2) Plaintiff's emotional distress did not begin and end in 2002, but was ongoing through 2008. *See* First Amended Complaint, ¶¶13-15.

First, Defendants cannot benefit from a statute of limitations where their own actions prevented Plaintiff from bringing her cause of action. To deter tortfeasors from escaping liability by restraining the potential plaintiff until after the statute of limitations has run, both federal and California law recognize equitable tolling of statutes of limitations "in the case of inability to bring suit or exercise one's remedy." *Partlow v. Jewish Orphans' Home of Southern California, Inc.*, 645 F.2d 757, 760 (9th Cir. 1981), *abrogated on other grounds*, 493 U.S. 165 (1989); *see also Lewis v. Superior Court*, 175 Cal. App. 3d 366, 380 (Cal. App. 2d Dist. 1985) ("language of statutes of limitation must admit to implicit exceptions where compliance is impossible and manifest injustice would otherwise result.")

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1  Clearly, Plaintiff could not seek any remedy during the time she was held in involuntary servitude at
2  Defendants' home.  Therefore, the statute of limitations could not begin to run until Plaintiff was
3  rescued from Defendants' home.  *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1463 (C.D. Cal. 1996)
4  (tolling statute of limitations for false imprisonment claim until plaintiff was released from physical
5  restraint).  Plaintiff brought suit in this Court only 15 months after she was rescued, well within the 2-
6  year period.  The statute of limitations does not bar her emotional distress claims.

Second, as Defendants admit, "a cause of action accrues at the time when the cause of action is complete with all of its elements." Moving brief at 5:24-25. Defendants' infliction of emotional distress did not end and was thus not complete until Plaintiff was rescued in 2008, well within the 2-year period.

## V. PLAINTIFF BROUGHT THE CONVERSION CLAIM WITHIN THE 3-YEAR STATUTE OF LIMITATIONS, WHICH DOES NOT RUN UNTIL SHE WAS RESCUED FROM DEFENDANTS' HOME

Defendants concede that the statute of limitations for conversion is 3 years. *See* Cal. Code Civ. P. § 338.  For the same reasons discussed above, Plaintiff was not able to bring her conversion claim until she was rescued.  Plaintiff timely brought her conversion claim within 3 years after she was rescued.  Thus, Plaintiff's conversion claim is not barred by the statute of limitations.  Furthermore, while Defendants' initial conversion of Plaintiff's passport took place in 2005, the conversion would be ongoing until the passport was returned and Defendants do not allege that they ever returned Plaintiff's passport.

///
///
///
///
///
///
///
///

# **CONCLUSION**

18 U.S.C § 1595(a) explicitly provides private causes of action for Plaintiff's Second and Third claims and a 10-year statute of limitations. Defendants' own actions prevented Plaintiff from bringing her Fifth, Sixth, and Seventh causes of action until she was rescued, thus tolling the applicable statute of limitations until July 2008. The Court should deny Defendants' motion to dismiss.

Dated: December 21, 2009         HOWREY LLP

By: /s/Michael J. Stimson
Michael J. Stimson
HOWREY LLP
4 Park Plaza, Suite 1700
Irvine, CA 92614
Phone: (949) 759-3961
Fax: (949) 266-5887
stimsonm@howrey.com

Attorneys for Plaintiff ROSA ROMERO HERNANDEZ