Michael J. Stimson (SBN 224817)
Email: stimsonm@howrey.com
Jesse D. Mulholland (SBN 222393)
Email: mulhollandj@howrey.com
HOWREY LLP
4 Park Plaza, Suite 1700
Irvine, CA 92614
Telephone: (949) 721-6900
Facsimile: (949) 721-6910

Attorneys for Plaintiff ROSA ROMERO HERNANDEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ROMERO HERNANDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>SAMAD ATTISHA and YVONNE ATTISHA,<br><br>Defendants. | Case No. 3:09-cv-02257-IEG-WMC<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL BASED UPON:<br><br>1. VIOLATION OF FAIR LABOR STANDARDS ACT;<br>2. INVOLUNTARY SERVITUDE;<br>3. TRAFFICKING WITH RESPECT TO PEONAGE, SLAVERY, INVOLUNTARY SERVITUDE, OR FORCED LABOR;<br>4. CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT;<br>5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>6. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;<br>7. CONVERSION;<br>8. VIOLATION OF CALIFORNIA LABOR CODES;<br>9. FALSE IMPRISONMENT;<br>10. FRAUD;<br>11. INDUCEMENT TO EMPLOYMENT THROUGH FALSE REPRESENTATIONS;<br>12. NEGLIGENCE;<br>13. PHYSICAL INJURIES;<br>14. NEGLIGENCE PER SE; |

Plaintiff, Rosa Romero Hernandez, for her claims against Defendants Samad Attisha and Yvonne Attisha, individually and jointly, alleges as follows:

## I. THE PARTIES

1. Plaintiff ROSA ROMERO HERNANDEZ ("Plaintiff") is a Mexican citizen certified as a victim of human trafficking under Section 107(b) of the Trafficking Victims Protection Act of 2000. A true and correct copy of Plaintiff's certificate is attached to this complaint as **Exhibit A**. Plaintiff is currently assisting in the investigation and prosecution of a severe form of trafficking.

2. On information and belief, Defendant Mr. SAMAD ATTISHA is an individual and resident of San Diego County, California.

3. On information and belief, Defendant Mrs. YVONNE ATTISHA is an individual and resident of San Diego County, California. On further information and belief, Defendants SAMAD ATTISHA and YVONNE ATTISHA are married to one another. Mr. and Mrs. Attisha collectively are referred to as "Defendants."

4. On information and belief, there exists, and at all times herein mentioned existed, a unity of interest and ownership between Defendants such that any individuality or separateness between the Defendants has ceased and each of the Defendants is the alter ego of the other Defendant. During the course of the events at issue in this litigation, Defendants have operated as if they were intertwined and engaged in actions as though they are one entity.

## II. JURISDICTION AND VENUE

5. This action is based upon violations of the Violation of Fair Labor Standards Act; Involuntary Servitude; Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor; California Trafficking Victims Protection Act; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Conversion; Violation of California Labor Codes; False Imprisonment; Fraud; Inducement to Employment through False Representations; Negligence; Physical Injuries; and Negligence Per Se. The amount in controversy exceeds $75,000, exclusive of interest and cost. This action is between citizens of a state and a citizen of a foreign state. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332(a)(2), and 1367.

6. Personal jurisdiction over Defendants is proper because Defendants are now and, at all relevant times have been, residents of San Diego County, California. On further information and belief, Defendants now own, and at all relevant times have owned, several businesses in the state of California, County of San Diego.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

### III. FACTUAL BACKGROUND

8. On information and belief, from at least 2002, Defendants began searching for a domestic servant through their secretary, Sonia, to serve in their house in San Diego County, California. Sonia found Plaintiff in the city of Nikolas Romero, Mexico, through a mutual friend in or about 2002.

9. To entice Hernandez to work for Defendants, Sonia told Plaintiff that Defendants agreed to pay Plaintiff $7 per hour to work as a baby sitter for their infant daughter. Sonia further told Plaintiff that she would only be responsible to work from 10 a.m. to 6 p.m.

10. Sonia did not arrange for a valid working visa for Plaintiff. Instead, Sonia informed Plaintiff that should she arrive in the United States without a valid visa, Defendants promised to "fix her papers." Sonia further promised to arrange for Plaintiff's transportation across the border to Defendants' house. On information and belief, Defendants, through Sonia, arranged for counterfeit travel documents to be provided to Plaintiff so she could travel to the United States.

11. On or about May 18, 2002, Plaintiff was transported by coyotes to the United States and began working for Defendants. From that time on until approximately July 23, 2008, Plaintiff was forced to act as a domestic servant to Defendants, performing all household chores and housekeeping duties.

12. Plaintiff made no income for her first year of employment because Defendants took her salary, alleging she had to pay back Sonia, who allegedly paid $1,500 to the coyotes and $200 for Plaintiff's airfare to the United States. Plaintiff's entire first year's wages were returned to Defendants, who told Plaintiff that they had reimbursed Sonia for the $1,700.

13. Plaintiff was forced into involuntary domestic servitude for Defendants, often working up to 14.5 hours per day in Defendants' home for less than California or Federal minimum wage.

Since 2002, Plaintiff was subject to the continuous control of Defendants. Plaintiff was forced to perform all household and domestic responsibilities. Defendants exercised strict control over Plaintiff and her performance of duties that included cooking, cleaning, babysitting, doing laundry, yard work, and all housekeeping duties.

14. Throughout Plaintiff's employment, Defendants made clear to Plaintiff that she was not free to leave and had to work for them. Defendants confiscated Plaintiff's passport, informed Plaintiff that she would be in trouble if the police or immigration authorities saw her, and made her feel that she had to hide if any third parties approached their residence.

15. Defendants treated Plaintiff in a harsh and demeaning manner, calling her names, threatening her with jail and deportation if she did not obey them, and on at least two occasions Defendants denied Plaintiff needed medical care, resulting in persistent injuries that cause Defendant ongoing pain and suffering.

16. On information and belief, on or about July 23, 2008, Plaintiff was rescued from Defendants by the United States Immigration and Customs Enforcement, who were thereafter investigated for their human trafficking activities. Plaintiff was certified as a victim of human trafficking under Section 107(b) of the Trafficking Victims Protection Act of 2000 on September 30, 2008. Attached as **Exhibit A** is a certification that Plaintiff is a victim of human trafficking under Section 107(b) of the Trafficking Victims Protection Act of 2000.

17. Plaintiff now brings this action to recover the damages and wages she is rightfully owed.

18. At all times relevant, Plaintiff was employed by Defendants SAMAD ATTISHA and YVONNE ATTISHA at their home located in La Mesa, California.

19. Plaintiff performed domestic services for Defendants approximately one hundred and one (101) hours per week, working seven (7) days a week, every week, for over six (6) years. Plaintiff was compensated below minimum wage, and was not provided overtime pay.

20. Defendants never informed Plaintiff of her rights, including her employment rights.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(Violation of Fair Labor Standards Act [29 U.S.C. ch. 8 *et seq.*])

21. Plaintiff realleges Paragraphs 1 through 20 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

22. Plaintiff performed domestic services for Defendants approximately one hundred and one (101) hours per week, working seven (7) days a week, every week, for over six (6) years. Plaintiff was compensated well below minimum wage for the amount of work performed.

23. The actions of Defendants constitute a failure to pay minimum wage under the Fair Labor Standards Act.

24. Plaintiff worked significantly in excess of forty (40) hours per week. Plaintiff was forced to work approximately seventy one (71) hours of overtime per week, which Defendants failed to pay Plaintiff the Federal minimum wage, let alone the appropriate rates for overtime.

25. As a result of Defendants' failure to pay wages, including overtime rates, an amount to be proven at the time of trial, is at least $125,809.00, pursuant to Federal minimum wage of $5.15 effective September 1, 1997.

26. Plaintiff seeks to recover all unpaid wages, including unpaid overtime, and costs, including attorney fees.

### SECOND CAUSE OF ACTION

(Involuntary Servitude- 18 U.S.C §§ 1584 and 1595(a))

27. Plaintiff realleges Paragraphs 1 through 26 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

28. As soon as Plaintiff arrived in Defendants' home in 2002, Defendants were in continuous control over Plaintiff and her activities. Plaintiff was forced to live continuously with Defendants in Defendants' residence in La Mesa, California. Plaintiff was not allowed to contact any persons, and was instructed to hide in the house when pedestrians walked by. Knowing Plaintiff's fear of deportation, Defendants threatened to cause Plaintiff's deportation if Plaintiff reported her working condition to the authorities. Forced into involuntary servitude by Defendants and working up to 14.5

1 hours per day at Defendants' home, Defendants intimidated and threatened Plaintiff to not report her situation.

29. In or about 2005, Defendants took possession of Plaintiff's passport and refused to return it to Plaintiff despite Plaintiff's multiple requests.

30. As a proximate result of the acts of Defendants, Plaintiff reasonably believed she had no alternative but to continue working for Defendants. Plaintiff was forced to continue to work for the Defendants under these conditions for over six (6) years.

31. The acts of Defendants were willful and wanton, malicious, oppressive, and justify the awarding of punitive damages.

## THIRD CAUSE OF ACTION

(Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor-
18 USCS §§ 1581 et seq.)

32. Plaintiff realleges Paragraphs 1 through 31 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

33. In 2002, Defendants sent their secretary Sonia to search for a Mexican domestic servant for their home in La Mesa, California. In 2002, Defendants ordered their secretary, Sonia, to solicit Plaintiff to work in the United States, to pay coyotes and the airfare for transporting Plaintiff across the border, and to falsely promise Plaintiff that Defendants would "fix her papers" when she arrived in the United States without a valid working visa. Further, Defendants confiscated Plaintiff's salary to reimburse Sonia for the cost of illegally transporting Plaintiff to the United States. Defendants acted with the purpose of forcing Plaintiff into peonage, involuntary servitude, and/or forced labor in violation of 18 U.S.C. § 1581 *et seq.*

34. The acts of Defendants were willful and wanton, malicious, oppressive, and justify the awarding of punitive damages.

## FOURTH CAUSE OF ACTION

(California Trafficking Victims Protection Act)

35. Plaintiff realleges Paragraphs 1 through 34 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

36. Plaintiff brings this claim for relief under California Civil Code § 52.5, which allows a victim of human trafficking, as defined in California Penal Code § 236.1, to recover in a civil action actual damages, compensatory damages, punitive damages, and/or any other appropriate relief, as well as attorney's fees and costs of suit. California Civil Code § 52.5(b) allows such a victim of human trafficking to recover treble damages.

37. A claim may be brought under California Civil Code § 52.5 against any person who deprives or violates the personal liberty of another with the intent to obtain forced labor or services, or who sustains a restriction on another's liberty through fraud, deceit, coercion, violence, duress, menace, or threat of unlawful injury where the person receiving or apprehending the threat reasonably believes that the person making the threat would carry it out. Duress includes knowingly destroying, concealing, removing, confiscating, or possessing any actual or purported passport or immigration document of the victim. For purposes of California Penal Code § 236.1 "forced labor or services" means labor or services that are performed or provided by a person and obtained or maintained through force, fraud, or coercion, or equivalent conduct that would reasonably overbear the will of the person.

38. As alleged in this Complaint, Defendants used fraud and/or deceit to contract with Plaintiff for her employment and to bring her to the United States. Defendants then used threats, intimidation, fraud, deceit, and/or coercion to overbear Plaintiff's will, to deprive her of personal liberty by holding her in captivity, and to force her to work for less than lawful wages.

39. Through such actions, Defendants, acting individually and in concert, and with malice, oppression, fraud and/or duress, subjected Plaintiff to a situation of human trafficking.

40. As a direct and proximate result of these actions, Plaintiff has sustained damages, including extreme mental suffering, humiliation, emotional distress, and economic losses, entitling her to damages in an amount to be proven at trial and reasonable attorney's fees.

41. By virtue of Defendants' unlawful subjection of Plaintiff to a situation of human trafficking, Defendants are liable to Plaintiff for treble damages and punitive damages in amounts to be proven at trial.

## FIFTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

42. Plaintiff realleges Paragraphs 1 through 41 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

43. Defendants' conduct toward Plaintiff consisted of engaging in continuous and systematic psychological abuse and threats. Defendants' conduct was atrocious and utterly intolerable in a civilized community. Defendants' conduct was intentional and/or with reckless disregard of the probability of causing Plaintiff severe emotional distress.

44. As a proximate and direct result of Defendants' conduct Plaintiff suffered severe emotional distress, anxiety, pain and suffering, physical injuries, physical sickness, incurred medical expenses, future medical expenses, attorney's fees, and other damages in the sum to be determined at the time of trial.

45. Plaintiff is informed, believes, and based thereon, alleges that the conduct of Defendants was outrageous, and was done with oppression and malice. For the forgoing reasons, Plaintiff is entitled to punitive and exemplary damages against Defendants for their acts.

## SIXTH CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

46. Plaintiff realleges Paragraphs 1 through 45 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

47. Defendants acted negligently toward Plaintiff by way of engaging in continuous and systematic acts of psychological abuse causing her exhaustion, mental anguish, stress, and torment.

48. Defendants' conduct caused Plaintiff serious emotional stress.

49. As a proximate and direct result of Defendants' conduct, Plaintiff suffered severe emotional distress, anxiety, pain and suffering, physical injuries, physical sickness, incurred medical

expenses, future medical expenses, attorney's fees, and other damages in the sum to be determined at the time of trial.

50. Plaintiff is informed, believes, and based thereon, alleges that the conduct of Defendants was outrageous, and was done with oppression and malice. For the forgoing reasons, Plaintiff is entitled to punitive and exemplary damages against Defendants for their acts.

## SEVENTH CAUSE OF ACTION

(Conversion)

51. Plaintiff realleges Paragraphs 1 through 50 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

52. In or about 2005, Defendants unlawfully took possession of Plaintiff's passport, Plaintiff's personal property, hid it, and refused to return it to Plaintiff despite Plaintiff's requests.

53. Defendants' acts were intentional, wanton and malice, oppressive, with the sole intent of restricting Plaintiff's freedom and thereby justify Plaintiff the award of punitive damages.

## EIGHTH CAUSE OF ACTION

(Violation of California Labor Codes-

Cal. L.C. Divisions 1, 2, *et seq.*; Industrial Welfare Commission Wage Order No. 15)

54. Plaintiff realleges Paragraphs 1 through 53 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

55. Plaintiff performed domestic services for Defendants seven (7) days a week, over twelve (12) consecutive hours per day, without receiving any significant time off, let alone 24 consecutive hours of time off, and less than three (3) hours free of duty during the twelve (12) hours span of work.

56. Plaintiff regularly worked more than five (5) consecutive hours a day, without receiving a meal, let alone a 30 minute meal period.

57. Plaintiff performed domestic services for Defendants approximately one hundred and one (101) hours per week, working seven (7) days a week, every week, for a span of six (6) years. Plaintiff was compensated well below minimum wage for the amount of work performed in the six (6) years.

58. California Labor Code § 1197 establishes the right of employees to be paid minimum wages for their work, in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not paid the legal minimum wage as required by § 1197 may recover the unpaid balance together with attorney's fees and costs of suit, as well as liquidated damages in an amount equal to the wages paid and interest thereon.

59. California Labor Code § 1198 and the Industrial Welfare Commission ("IWC") Wage Order No. 15-2001, § 3 provide that domestic service "live-in" employees in California shall not be employed more than nine hours in any workday for the first five workdays in any week unless they receive additional compensation beyond their regular wages in amounts specified by law. The employee is entitled to overtime pay at a rate of one and one half times her regular rate for all hours worked in excess of nine during the first five workdays. For the first nine hours worked on the sixth and seventh days of the workweek, the employee is entitled to be paid overtime pay of one and one half times her regular rate. For the remaining hours worked on the sixth and seventh days, the employee is entitled to be paid at double her regular rate. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid overtime compensation as required by § 1198 may recover the unpaid balance of the full amount of such wages, together with attorney's fees and costs of suit.

60. IWC Wage Order No. 15-2001 requires employers to permit their employees to take paid breaks and unpaid lunch periods as specified therein, and specifies penalties, in addition to the unpaid wages, to be paid by employers who violate these provisions.

61. Plaintiff was forced to work approximately seventy one (71) hours of overtime per week, which Defendants failed to pay Plaintiff the California minimum wage, let alone the appropriate rates for overtime.

62. As a result of Defendants' failure to pay wages, including overtime rates, an amount to be proven at the time of trial, Plaintiff's total unpaid wages amount to at least $328,631.00, pursuant to California minimum wage of $6.75 effective January 1, 2002, $ 7.50 effective of January 1, 2007, $8.00 effective of January 1, 2008.

63. Defendants prohibited Plaintiff from disclosing information regarding Plaintiff's working conditions to third-parties.

64. Defendants prohibited Plaintiff from disclosing information to government or law enforcement agencies regarding Defendants' illegal transport of Plaintiff into the United States, and having Plaintiff perform services as a domestic servant under abusive working conditions.

65. For the foregoing reasons, Defendants' actions constitute failure to provide Plaintiff rest and meal periods, failure to pay Plaintiff the California minimum wage, and unlawful prohibition of information disclosure. In addition, Defendants did not pay Plaintiff all wages owed to her at the time she was released from captivity and her employment was terminated, entitling her to recover waiting penalties equal to thirty days' pay, pursuant to California Labor Code § 203. Plaintiff seeks to recover all unpaid wages, including unpaid overtime, costs, including attorney fees, and punitive damages.

## NINTH CAUSE OF ACTION

(False Imprisonment)

66. Plaintiff realleges Paragraphs 1 through 65 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

67. Defendants violated Plaintiff's personal liberty by acting in a manner which had the effect of confining her against her will and limiting her contact with anyone from the outside world. Defendants accomplished this restraint through the negligent and intentional use of fraud, and by acting in a manner which had the effect of threatening Plaintiff if Plaintiff attempted to escape. Plaintiff's false imprisonment ended on or about July 23, 2008 when Plaintiff was rescued from Defendants by the United States Immigration and Customs Enforcement.

68. As a proximate result of such conduct, Plaintiff has suffered and continues to suffer bodily injury, extreme mental distress, humiliation and anguish, and other emotional and physical injuries, as well as economic losses, all to her damage in amounts to be proven at trial. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff and with an improper and evil motive, amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff thus is entitled to recover punitive damages from Defendants in amounts to be proven at trial.

## TENTH CAUSE OF ACTION

(Fraud)

69. Plaintiff realleges Paragraphs 1 through 68 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

70. Each of the Defendants and their agents intentionally and/or negligently made representations of material fact in telling Plaintiff that she would be employed as a baby sitter for the Defendants' infant daughter. They further told Plaintiff that she would only be responsible to work from 10 a.m. to 6 p.m. They also told Plaintiff that they would "fix her papers" so that she would be legally working in the United States. These representations were in fact false. The truth was that the Defendants wanted the Plaintiff to come to the United States as a domestic servant. When Defendants and their agents made the representations, Defendants knew they were false and/or had no reasonable ground for believing that the representations were true. Defendants made the representations with the intent to defraud and induce Plaintiff to come to the United States. At the time Plaintiff acted, Plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

71. The Defendants have had and continues to have both the means of obtaining and actual possession of superior knowledge and special information with regard to the facts relevant to a determination of Plaintiff's rights as an employee. The superior knowledge and special information possessed by Defendants includes, but is not limited to, knowledge of legal requirements for employers and the amounts established by law as the minimum wage. As a result of Defendants' position to obtain superior knowledge and their actual possession of such knowledge, each Defendant has gained an unconscionable advantage over Plaintiff, who was ignorant of facts relevant to her employment status and rights and who was not in position to become informed about such facts.

72. Despite their superior knowledge and special information, Defendants, and each of them, actively concealed from Plaintiff that she was entitled to minimum wage, overtime compensation, and/or other legal protections and benefits available to employees under California and Federal law. Defendants actively concealed these known, material facts with the intent to induce Plaintiff to accept her unpaid and captive status, and for the purpose of preventing Plaintiff from

asserting her employment rights in any legal forum available to her. Because of the Defendants' position of superior access to relevant knowledge and information about Plaintiff's employment status and rights, Plaintiff justifiably relied upon Defendants' false representations to her detriment.

73. As a direct and proximate result of Defendants' conduct as alleged in this Complaint, Plaintiff has lost wages and other benefits in amounts to be proven at trial. Further, the unlawful conduct of Defendants, and each of them, as alleged in this Complaint, was and continues to be malicious, fraudulent, despicable, and/or oppressive in that Defendants, and each of them acted with full knowledge of the consequences to the Plaintiff as alleged in this Complaint, with the intent to violate the statutory and other employment rights of the Plaintiff, and/or with a willful, conscious, wanton, and reckless disregard for the Plaintiff's rights and for the deleterious consequences and cruel and unjust hardship resulting to Plaintiff. Consequently, the Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## ELEVENTH CAUSE OF ACTION

(Inducement to Employment through False Representations)

74. Plaintiff realleges Paragraphs 1 through 73 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

75. California Labor Code § 970 prohibits persuading a person to travel from outside California to within this state for the purpose of working in any capacity through or by means of knowingly false representations. Violations of § 970 are subject to criminal and civil penalties, including double damages resulting from such misrepresentation under California Labor Code § 972.

76. Defendants intentionally made misrepresentations of material fact regarding the terms and nature of Plaintiff's employment, directly and through their agents, including but not limited to the representations that: (1) Plaintiff would be employed as a baby sitter for the Defendants' infant daughter; (2) Plaintiff would only be responsible to work from 10 a.m. to 6 p.m.; and (3) Defendants would "fix her papers" so that she would be legally working in the United States. When Defendants made the representations, Defendants knew they were false and/or had no reasonable ground for believing that the representations were true. Defendants made the representations with the intent to defraud and induce Plaintiff to come to the United States. At the time Plaintiff acted, Plaintiff did not

1  know the representations were false and believed they were true. Plaintiff acted in justifiable reliance
2  upon the truth of the representations.

3      77. By virtue of Defendants' misrepresentations and Plaintiff's reliance thereon, Plaintiff
4  has suffered damages in amounts to be proven at trial, and is entitled to all appropriate penalties
5  provided by the Labor Code and the IWC Wage Orders, including double damages.

## TWELFTH CAUSE OF ACTION

(Negligence)

8      78. Plaintiff realleges Paragraphs 1 through 77 and hereby incorporates these paragraphs as
9  though fully set forth and alleged herein.

10      79. Defendants stood in a special relationship with Plaintiff, based on the facts herein
11  alleged, including but not limited to that Plaintiff lived in the Defendants' home at Defendants'
12  invitation; that Defendants employed Plaintiff as a domestic worker in their home; that Defendants and
13  their agents brought Plaintiff to the United States; that Defendants procured Plaintiff's presence in the
14  United States on fraudulent pretenses; that Defendants knew that Plaintiff spoke no English and had no
15  familiarity with the customs, culture, society, or laws of the United States at the time Defendants
16  brought her from Mexico; that Defendants confiscated and held Plaintiff's passport; that Defendants
17  knew at the time they brought Plaintiff to the United States that she had no legal means of making
18  money in the United States.

19      80. The California Labor Code imposes duties on employers, including the duty to allow an
20  employee one day's rest in seven, Labor Code § 511, "[t]o do every other thing reasonably necessary
21  to protect the life, safety, and health of employees." California Labor Code § 6403(c).

22      81. By virtue of the above relationships, Defendants' duty toward Plaintiff of reasonable
23  care under the circumstances included, a duty to provide reasonable medical care, dental care, and
24  other basic services; a duty of reasonable care under the circumstances to Plaintiff's emotional state; a
25  duty to allow and provide Plaintiff the opportunity to leave Defendants' house. On the basis of the
26  facts herein alleged, Defendants assumed a duty of care to Plaintiff beyond that owed to the public in
27  general, including but not limited to the above-listed duties.

28

-14-  Case No. 3:09-cv-02257-IEG-WMC
SECOND AMENDED COMPLAINT FOR
DAMAGES

DM_US:22915034_1

82. Defendants breached these duties owed Plaintiff by the acts and omissions herein alleged in this Complaint, including but not limited to their failure to allow or provide Plaintiff reasonable access to medical care and their failures to allow or provide Plaintiff means to leave their home.

83. Shortly after beginning her employment with Defendants, Plaintiff fell and injured her foot and shoulder while cleaning Defendants' bathtub. Plaintiff asked for medical treatment, but she was denied—Defendants feared discovery that they had hired an undocumented worker. Now, eight years later, her foot and shoulder have still not properly healed as she walks with a limp.

84. Defendants breached these duties owed Plaintiff by the acts and omissions herein alleged in this Complaint, including but not limited to their failure to allow or provide plaintiff reasonable access to medical care, their failures to allow or provide Plaintiff means to leave their home.

85. As a direct and proximate result of Defendants' breach of their duty of reasonable care under these circumstances, Plaintiff has suffered and continues to suffer serious emotional distress, humiliation, anguish, and other injuries, as well as economic losses, all to her damage in amounts to be proven at trial.

### THIRTEENTH CAUSE OF ACTION
(Physical Injuries)

86. Plaintiff realleges Paragraphs 1 through 85 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

87. During her employment with Defendants, Plaintiff injured her shoulder and foot on Defendants' property, but was denied medical treatment by Defendants. Her injuries persist.

88. Plaintiff seeks to recover damages for her injuries.

### FOURTEENTH CAUSE OF ACTION
(Negligence Per Se)

89. Plaintiff realleges Paragraphs 1 through 88 and hereby incorporates these paragraphs as though fully set forth and alleged herein.

90. The services provided by Plaintiff to Defendants were performed under conditions that violated the anti-trafficking laws and the IWC Wage Orders as alleged in this Complaint. Defendants knew or reasonably should have known of these egregious and ongoing violations, yet did and have done nothing to alleviate, investigate, remedy, or report the violations to appropriate authorities.

91. The anti-trafficking laws and the minimum wage and overtime guarantees and other provisions of the California Labor Code and applicable IWC Wage Order were enacted to protect workers from economic and personal injuries cause by forced labor, poverty-level wages, unduly long working hours, and other substandard working conditions. The acts and omissions of Defendants as alleged in this Complaint were and are substantial factors contributing to the illegal working conditions under which Plaintiff labored.

92. Plaintiff is among the class of persons that the anti-trafficking laws, the California Labor Code, and the IWC Wage Orders were designed to protect and for whose protection these statutes and regulations were adopted. Plaintiff's injuries are of the type that the foregoing statutes and regulations are intended to prevent. Defendants' violations of the foregoing statutes and regulations constituted negligence per se and created a presumption of negligence.

93. As a direct and proximate result of Defendants' acts and omissions alleged in the Complaint, Plaintiff has suffered and continues to suffer damages in an amount, nature, and degree to be proven at trial. Defendants' conduct as described in this Complaint was malicious, fraudulent, and/or oppressive, and done with a conscious disregard for Plaintiff's rights and for the deleterious consequence of Defendants' actions. Each Defendant authorized, condoned, and/or ratified the unlawful conduct of all the other Defendants and of their agents and employees. Consequently, Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rosa Romero Hernandez prays for relief as follows:

1. For compensatory damages according to proof;
2. For general damages according to proof;
3. For special damages according to proof;

4. For punitive damages according to proof;

5. For treble damages according to proof;

6. For costs, expenses, and fees incurred by Plaintiff as permitted by statute, including reasonable attorney's fees, expert fees, and costs of suit, in obtaining the benefits due Plaintiff;

7. For interest at the prevailing legal rate;

8. For unpaid minimum and overtime wages, penalties and interest, according to proof;

9. For prejudgment interest on lost wages;

10. For liquidated damages pursuant to Labor Code § 1194.2(a);

11. For an award of back wages of at least $328,631.00, according to proof;

12. For double damages pursuant to Labor Code § 972;

13. Waiting time penalties pursuant to Labor Code § 203;

14. For wages under labor Code § 226.7 in the amount of one additional hour of pay for each work day that a meal period was not provided, and an additional hour of pay for each work day that a rest period was not provided; and

15. For any such other and further relief as the Court deems just and proper.

Dated: May 13, 2010
　　　　　　　　　　　　　　　　　　　HOWREY LLP

　　　　　　　　　　　　　　　　　　　By:　s/ Jesse D. Mulholland
　　　　　　　　　　　　　　　　　　　　　Michael J. Stimson
　　　　　　　　　　　　　　　　　　　　　Jesse D. Mulholland
　　　　　　　　　　　　　　　　　　　　　HOWREY LLP
　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　ROSA ROMERO HERNANDEZ

**DEMAND FOR JURY TRIAL**

Plaintiff ROSA ROMERO HERNANDEZ requests a Trial by Jury on all claims pleaded herein.

Dated: May 13, 2010

HOWREY LLP

By: s/ Jesse D. Mulholland
Michael J. Stimson
Jesse D. Mulholland
HOWREY LLP
Attorneys for Plaintiff
ROSA ROMERO HERNANDEZ

# EXHIBIT A



## DEPARTMENT OF HEALTH & HUMAN SERVICES

**ADMINISTRATION FOR CHILDREN AND FAMILIES**
370 L'Enfant Promenade, S.W.
Washington, D.C. 20447

HHS Tracking Number
**0006073020007**
DOB: 08/30/1949

Ms. Rosa Romero-Hernandez
c/o Roxanna Campos
BSCC
2050 Wilson Avenue, Suite C
National City, CA 91950

### CERTIFICATION LETTER

Dear Ms. Romero-Hernandez:

This letter confirms that you have been certified by the U.S. Department of Health and Human Services (HHS) under section 107(b) of the Trafficking Victims Protection Act of 2000. With this certification, you are eligible for benefits and services under any Federal or State program or activity funded or administered by any Federal agency to the same extent as an individual who is admitted to the United States as a refugee under section 207 of the Immigration and Nationality Act, provided you meet other eligibility criteria. Certification does not confer immigration status.

Your certification date is **September 30, 2008.** The benefits outlined in the previous paragraph may offer assistance for only limited time periods that start from the date of this certification. Therefore, if you wish to seek assistance, it is important that you do so as soon as possible after receipt of this letter.

You should present this letter when you apply for benefits or services. <u>Benefit-issuing agencies must call the toll-free trafficking verification line at 1 (866) 401-5510 in the Office of Refugee Resettlement (ORR) to verify the validity of this document and to inform HHS of the benefits for which you have applied.</u>

The Department of Labor offers employment and training services for which you may be eligible. Call 1-877-US2-JOBS or visit www.servicelocator.org to find out about the nearest One-Stop Career Center.

You must notify this office of your current mailing address. Please send a dated and signed letter with any changes of address to: Trafficking Program Specialist, Office of Refugee Resettlement, 8th Floor West, 370 L'Enfant Promenade, SW, Washington, DC 20447. We will send all notices to that address, and any notice mailed to that address constitutes adequate service. You may also need to share this same information with state and local benefit-issuing agencies.

Sincerely,

David H. Siegel
Acting Director
Office of Refugee Resettlement